UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MOLINERO PUENTE,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:23-cv-00083-CDB (HC)<br><br>ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY COURT ORDERS<br><br>(Docs. 15, 17)<br><br>**<u>5-DAY DEADLINE</u>** |

        Petitioner Victor Molinero Puente ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

        On August 21, 2025, Respondent filed a request for a brief extension of time to file a response to the petition considering counsel's anticipated receipt of documents from the U.S. Bureau of Prisons necessary for preparing the response.  (Doc. 15).  The Court granted Respondent's request on August 22, 2025, extending to September 9, 2025, the deadline for Respondent to respond to the petition.  (Doc. 17).

        The deadline to file a response has passed and Respondent has failed to file either a response to the petition, a request for further extension, or a report explaining the delinquency.

        On five prior occasions in unrelated habeas actions, the undersigned has admonished counsel for Respondent, Assistant United States Attorney ("AUSA") Michelle Rodriguez, to exercise better care in

1

anticipating the need to request an extension of time and to file such requests before the terminal filing date that Respondent seeks to extend, in violation of Local Rule 144. *See Blanc v. Taylor*, No. 1:24-cv-01212-KES-CDB, 2025 WL 437661, at *1 (E.D. Cal. Feb. 7, 2025) (citing cases). The undersigned repeatedly has noted that this district's local rules expressly provide that such last-minute requests are disfavored and require parties to seek extensions "as soon *as the need for an extension becomes apparent*." *Id.*

In the government's response to the Court's most recent show cause order, AUSA Audrey B. Hemesath, the direct supervisor of AUSA Rodriguez, represented that the "assigned AUSA in this case has taken on the immigration § 2241 caseload in addition to the traditional § 2241 caseload, with no additional resources, because the U.S. Attorney's Office in the Eastern District has multiple vacancies at the AUSA level and the support staff level that cannot presently be filled." (*Blanc*, Doc. 16 at 2). AUSA Hemesath further attested that "[t]o avoid future repetition of this problem, undersigned counsel is working with the § 2241 staff to identify ways in which the need for an extension can be anticipated as soon as possible, consistent with the Local Rules." *Id.* at 3.

Despite the representations of AUSA Hemesath, instead of filing requests for extensions in compliance with the local rules, counsel for Respondent now has failed to timely respond to the petition entirely – and offered no explanation for the delinquency. In short, the government's seeming inability or unwillingness to manage simple and routine calendaring has required the Court to expend its limited resources supervising the government's filing deadlines to ensure habeas petitioners' constitutional rights are protected and the Court's docket does not become any more strained than it already is.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Consistent with this, the Court of Appeals long has affirmed the district court's discretion to impose sanctions intended to coerce a

noncompliant party into compliance with court orders.  *See*, *e.g.*, *Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished); accord *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of daily sanctions to coerce compliance with court order).

Based on AUSA Rodriguez's pattern of disregarding the Court's orders, the failure of counsel for Respondent to implement measures to adhere to the local rules as represented by AUSA Hemesath, and the escalating severity of counsels' failures thereof, the Court finds the imposition of sanctions may be warranted to coerce compliance with its orders.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that within five (5) days of entry of this order, counsel for Respondent shall file a response in writing why sanctions should not be imposed for the government's repeated failure to comply with this Court's orders.  Counsel for Respondent's filing shall address, specifically, the reason for her failure to file a response to the petition by the extended deadline.

Any failure by counsel for Respondent to timely respond to this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **September 11, 2025**                      _____
UNITED STATES MAGISTRATE JUDGE

3