UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MOLINERO PUENTE,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:23-cv-00083-CDB (HC)<br><br>ORDER DENYING RESPONDENT'S APPLICATION TO SEAL<br><br>(Doc. 24)<br><br>**7-Day Deadline** |

      Petitioner Victor Molinero Puente ("Petitioner") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

      On September 19, 2025, Respondent filed a motion to dismiss the petition.  (Doc. 22).  In connection therewith, Respondent filed a notice to request the sealing of Petitioner's final order of removal.  (Docs. 23, 24).  Concurrent with the filing and consistent with Local Rule 141, Respondent lodged with chambers of the undersigned a Request to Seal, the document to be sealed (a "Notice and Order of Expedited Removal"), and proposed sealing order.

      As Respondent acknowledges in the Request to Seal, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system

trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion, this presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing *Press Enterprise*, 464 U.S. at 510); *Kamakana*, 447 F.3d at 1180. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1178.

First, Respondent's sealing application is defective under Local Rule 141 as the publicly filed notice fails to indicate "whether the Request, proposed order, and documents were served on all other parties." *Cf.* (Doc. 24) *with* Local Rule 141(b). Second, in the Request to Seal, Respondent neither cites authority nor offers substantive argument – aside from noting that the document sought to be sealed contains non-public information – in support of demonstrating that the balance of factors under *Oregonian Publ'g* warrants sealing of the final order of removal. *E.g., Lopez-Cortez v. Salmonson*, No. 2:23-cv-3007-DAD-JDP (P), 2025 WL 392402, at *1 (E.D. Cal. Feb. 4, 2025).[1] Among other things, Respondent fails to address (or even acknowledge as a possible alternative) whether partial redaction of the document sought to be sealed would appropriately accommodate public access to court records while protecting the compelling interest identified. *See Oregonian Publ'g,* 920 F.2d at 1466.

---

[1] The Court rejects as unpersuasive Respondent's apparent and undeveloped argument in its Request to Seal that sealing is appropriate here for the same reasons that the Court by policy seals Presentence Investigation Reports ("PSR"). There are obvious policy reasons why in a criminal action a PSR is filed under seal *in toto* that are not operative in a civil/habeas proceeding.

Separately, neither Respondent's notice of filing Petitioner's order of removal under seal (Doc. 23) nor the notice of request to seal (Doc. 24) are accompanied by a proof of service upon Petitioner. Thus, not only does it appear that Respondent seeks for the Court to rely upon a document (Petitioner's final order of removal) that Respondent may not have provided to Petitioner, but also, the fact that Respondent has applied to the Court for authorization to file the document under seal does not appear to be known to Petitioner. This violates Local Rule 135 and potentially undermines the need for an adversarial check on the quality of the information proffered. *See Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Respondent's application to seal (Doc. 24) is DENIED WITHOUT PREJUDICE.

It is FURTHER ORDERED that, within seven (7) days of entry of this order, Respondent shall file a renewed application to seal that remedies the deficiencies noted herein consistent with Local Rules 135 and 141.

IT IS SO ORDERED.

Dated: **September 23, 2025**

UNITED STATES MAGISTRATE JUDGE