UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MOLINERO PUENTE,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>              Respondent. | No. 1:23-cv-00083-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO RESPONDENT'S MOTION TO DISMISS<br><br>**14-DAY DEADLINE** |

### Background

Petitioner Victor Molinero Puente ("Petitioner"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on June 23, 2025, the Court ordered Respondent to file a response to Petitioner's petition within 60 days of the date of service of the order. (Doc. 10). The same order instructed Petitioner that his traverse to any answer or opposition to any motion to dismiss was due within 30 days from the date of Respondent's filing. (*Id.* at 2).

After the Court's grant of an extension of time, on September 19, 2025, Respondent timely filed a motion to dismiss the petition, making Petitioner's opposition due on or before October 22,

1

2025.  (Doc. 22; Fed. R. Civ. P. 6(a)(1) & (d)).  Respondent's motion includes a proof of service reflecting that a copy of the motion was served on Petitioner.  (*Id.* at 6).  Petitioner has not filed any opposition to the pending motion to dismiss, and the time to do so has now passed.

### Order to Show Cause

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Petitioner's opposition/traverse or statement of non-opposition to Respondent's pending motion to dismiss was due on or before October 22, 2025.  Petitioner has failed to file either a traverse or statement of non-opposition to the pending motion, and the time to do so has now passed.  Accordingly, the Court will direct Petitioner to show cause in writing why sanctions should not be imposed for failure to comply with a court order.  Petitioner will be permitted to comply with this order to show cause in the alternative by filing an opposition or statement of non-opposition.

### Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein.  Alternatively, Petitioner may comply with this

order by filing by that same deadline either an opposition/traverse or a statement of non-opposition to the pending motion to dismiss filed on September 19, 2025 (Doc. 22).

2. **Any failure by Petitioner to timely respond to this Order may result in the recommendation that this action be dismissed, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order.**

IT IS SO ORDERED.

Dated: __October 24, 2025__     _____
UNITED STATES MAGISTRATE JUDGE