UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MOLINERO PUENTE,<br><br>            Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>            Respondent. | No. 1:23-cv-00083-CDB (HC)<br><br>ORDER EXTENDING DEADLINE FOR PETITIONER TO RESPOND TO THE COURT'S ORDER TO SHOW CAUSE<br><br>(Doc. 31)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STATUS<br><br>(Doc. 32)<br><br><u>Clerk of the Court to Effect Service</u> |

**Background**

Petitioner Victor Molinero Puente ("Petitioner"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on June 23, 2025, the Court ordered Respondent to file a response to Petitioner's petition within 60 days of the date of service of the order. (Doc. 10). The same order instructed Petitioner that his traverse to any answer or opposition to any motion to dismiss was due within 30 days from the date of Respondent's filing. (*Id.* at 2).

After the Court's grant of an extension of time, on September 19, 2025, Respondent timely

filed a motion to dismiss the petition, making Petitioner's opposition due on or before October 22, 2025. (Doc. 22; Fed. R. Civ. P. 6(a)(1) & (d)). Respondent's motion includes a proof of service reflecting that a copy of the motion was served on Petitioner. (*Id.* at 6).

Petitioner did not file any opposition to the pending motion to dismiss. Accordingly, on October 27, 2025, the Court ordered Petitioner to show cause in writing why this action should not be dismissed for Petitioner's failure to file an opposition or statement of non-opposition to Respondent's motion to dismiss. (Doc. 31). The order was served on Petitioner. (*See* docket entry "Service by Mail," dated October 27, 2025).

On November 3, 2025, Petitioner filed a motion for status. (Doc. 32). Petitioner's motion is unsigned and dated October 28, 2025. (*See id.*).

**Discussion**

In his filing, Petitioner does not address the Court's outstanding order to show cause. Rather, Petitioner states that September 18, 2025, was his "FSA release date," that his paperwork "clearly shows [he] is eligible to receive FTC credits" which he had and which were taken away upon his arrival to Federal Medical Center ("FMC"), Rochester. Petitioner requests that, if "there is any type of paper work [he is] missing," he be informed what it is so he may provide it. (Doc. 32 at 1). Petitioner attaches documents to his motion related to inmate education data. *Id.* at 2-3.

As a preliminary matter, Petitioner's motion is unsigned. This Court's Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona." Local Rule 131(b). The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an electronically-filed document. Local Rule 100. Petitioner is admonished that any future non-evidentiary documents he files with this Court without a signature may be stricken.

As Petitioner's motion is dated October 28, 2025, and the Court's order to show cause was entered on October 27, 2025, the Court presumes that Petitioner may not yet have received service of the order to show cause when he sent his motion for status for filing in this Court. As such, the Court will grant Petitioner an extension of time within which to respond to the Court's outstanding order to show cause (Doc. 31).

Further, is unclear from Petitioner's filing whether he has received a copy of Respondent's motion to dismiss. Accordingly, as a one-time courtesy, the undersigned will direct the Clerk of the Court to serve with this order a copy of Respondent's motion to dismiss.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner SHALL FILE in writing **no later than December 5, 2025,** a response to the Court's Order to Show Cause (Doc. 31). Alternatively, Petitioner may comply with the Court's Order by filing by that same deadline either an opposition/traverse or a statement of non-opposition to the pending motion to dismiss filed on September 19, 2025 (Doc. 22).

2. Petitioner's motion for status (Doc. 32) is GRANTED.

3. The Clerk of the court is DIRECTED to serve upon Petitioner with this order a copy of Respondent's motion to dismiss (Doc. 22; Doc. 22-1)

4. **Any failure by Petitioner to timely respond to the Order to Show Cause may result in the recommendation that this action be dismissed, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 5, 2025**

UNITED STATES MAGISTRATE JUDGE