UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MOLINERO PUENTE,<br><br>         Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>         Respondent. | No.  1:23-cv-00083-CDB (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 22) |

**<u>Background</u>**

Petitioner Victor Molinero Puente ("Petitioner"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on June 23, 2025, the Court ordered Respondent to file a response to Petitioner's petition.  (Doc. 10).  After the Court's grant of an extension of time, on September 19, 2025, Respondent timely filed a motion to dismiss the petition.  (Doc. 22).  Because Respondent's motion is based in part on an argument that Petitioner is statutorily barred from being awarded the relief he seeks as the subject of a final order of removal, the Court directed Respondent to file a copy of the removal order; Respondent filed that order on November 5, 2025. (Doc. 34).  After a variety of delays, including delays attributable to Petitioner's

1

contention that he did not receive a copy of the motion to dismiss, (Docs. 31, 32, 35), on December 4, 2025, Petitioner filed an opposition to the motion.  (Doc. 36).[1]

**Legal Standard**

### A.  Motion to Dismiss

Under Rule 4 of the "Rules Governing Section 2254 Cases in the United States District Courts," if a petition seeking a writ of habeas corpus is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.[2]  The Advisory Committee Notes to Habeas Rule 4 provide that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Habeas Rule 4.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  A district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

### B.  The First Step Act

The First Step Act ("FSA") was enacted on December 21, 2018, and implemented several prison and sentencing reforms, including provisions governing computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the FSA, and the availability of early release.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

With respect to earned time credit ("ETCs"), the Ninth Circuit has described the FSA's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system. [132 Stat.] at 5210-13.  The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit

---

[1] Following all parties' expression of consent to the jurisdiction of a U.S. magistrate judge, on August 22, 2025, this action was reassigned to the undersigned for all purposes.  (Doc. 18) (citing 28 U.S.C. § 636(c)(1).

[2] The Rules Governing § 2254 cases in the United States Courts ("Habeas Rules") are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196-97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210-13.

*Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019). In accordance with 18 U.S.C. § 3622, the United States Department of Justice published the risk and needs assessment system on July 19, 2019.[3] Pursuant to 18 U.S.C. § 3621(h)(1), all inmates in the U.S. Bureau of Prisons ("BOP") system were to receive an initial assessment using the risk and needs assessment system known as the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") by January 15, 2020.[4] On January 13, 2022, the Department of Justice announced that the BOP had finalized the FSA time credit rule, and on January 19, 2022, the final rule was published. FSA Time Credits, 87 Fed. Reg. 2705-01, 2022 WL 159155 (Jan. 19, 2022) (codified at 28 C.F.R. §§ 523, 541). Prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

Relevant here, inmates who are the subject of a final order of removal are not eligible for application of ETCs under the FSA. *See* 18 U.S.C. § 3632(d)(4)(E); *Morales-Ramirez v. Arviza*, No. 24-3681, 2025 WL 618362, at *1 (9th Cir. Feb. 26, 2025).

///

---

[3] Press Release, *Department of Justice Announces the Release of 3,100 Inmates Under First Step Act*, Publishes Risk and Needs Assessment System (July 19, 2019), https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last visited Feb. 5, 2026).

[4] Press Release, *Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation* (Jan. 15, 2020), https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last visited Feb. 5, 2026).

**Discussion**

### A. Petitioner's Claims

Petitioner asserts that he is entitled to the award of ETCs under the FSA and that BOP "discriminates" [against] non-U.S. Citizens inmates like Petitioner" by excluding them from obtaining ETCs. (Doc. 1 at 1-2). For relief, Petitioner seeks an order "[d]irect[ing] the B.O.P. to not to [*sic*] exclude and grant non-U.S. Citizens inmates from participating in a one-year sentence reduction granted by the FSA through the Earned Time Credits Program (ETCP)." *Id.* at 6.

Following his filing of the petition, Petitioner was transferred to his current facility of incarceration (Rochester Federal Medical Center). Thereafter, on July 16, 2025, Petitioner filed a "Notice of Supporting Document." (Doc. 14). Therein, Petitioner asserts that ETCs he had been accruing at his former facility of incarceration were "taken away" upon his arrival at FMC Rochester. *Id.* at 1. Petitioner attaches documents purportedly showing this removal of ETCs.

### B. Respondent's Motion to Dismiss and Plaintiff's Opposition

Respondent moves to dismiss the petition on the grounds that Petitioner is statutorily ineligible to earn and receive ETCs because he is the subject of a final order of removal. (Doc. 22 at 2-3) (citing *inter alia* 18 U.S.C. § 3632(d)(4)(E)).[5] In a supporting declaration, a BOP paralegal specialist attests that BOP has deemed Petitioner ineligible to receive ETCs based on BOP's receipt of an immigration detainer from the U.S. Department of Homeland Security ("DHS"), dated April 12, 2024, in which DHS indicates that Petitioner is the subject of a final order of removal. *See* (Doc. 22-1 ¶¶ 5-6) (citing Attachments 1 & 4). In support of the motion to dismiss, on October 1, 2025, Respondent filed and served Petitioner a copy of the final order of removal, accompanied by an application to seal. *See* (Doc. 26 [notice and proof of service]; Doc. 26-1 [order of removal]). When the Court denied Respondent's application to seal, at the Court's direction, Respondent filed

---

[5] Respondent also moves to dismiss on the grounds that Petitioner failed to exhaust his administrative remedies prior to commencing this habeas action. *Id.* at 4-5. Petitioner concedes he did not exhaust his administrative remedies but asserts he should be relieved of any such obligation because exhaustion would be futile given the BOP's regulations excluding inmates subject to immigration detainers from eligibility to earn ETCs. (Doc. 1 at 2). The Court finds Petitioner's futility argument meritorious and, thus, exercises its discretion to waive the exhaustion requirement. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).

a copy of the order of removal, dated November 13, 2012 (redacting only the signatures of the signing authorities). *See* (Doc. 34) (attached hereto as Exhibit A). The order of removal notes that it was served upon Petitioner on November 13, 2012. *Id.*

In his opposition to Respondent's motion to dismiss, Petitioner represents that he has "never seen" nor been provided a copy of any order of removal and questions whether any such document exists. (Doc. 36 at 2-3); *id.* at 3 ("Petitioner once more wishes to stress to this Honorable Court that he has never been before any immigration Judge for any immigration proceedings in his case, and has never received any such alleged order of deportation."). Petitioner also attaches to his oppositions certain documents reflecting that FMC Rochester staff changed his eligibility to accrue ETCs from "Eligible" to "Ineligible." *Id.* Petitioner also attaches a copy of the same immigration detainer attached to Respondent's motion (dated April 12, 2024) indicating that Petitioner is the subject of a final order of removal. *Id.* Petitioner asserts that BOP staff "commonly used this form to 'Scare' inmates from filing any legal remedies" and argues that the document "provides no proof of any Deportation order." *Id.*

### C. Analysis

Inmates who are the subject of a final order of removal are not eligible for application of earned time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(E). An order of removal issued by an immigration officer and approved by a supervisor pursuant to Section 235(b) of the Immigration and Naturalization Act ("INA") constitutes a final order of removal. *See Mendoz-Linares v. Garland*, 51 F.4th 1146, 1153 (9th Cir. 2022) (citing 8 U.S.C. § 1252(a) & (b)); 8 C.F.R. § 235.3(b)(7) ("Any removal order entered by an examining immigration officer pursuant to section 235(b)(1) of the Act must be reviewed and approved by the appropriate supervisor before the order is considered final.").

Here, Petitioner is the subject of a removal order issued in expedited proceedings pursuant to Section 235(b) of the INA by an immigration officer and approved by a supervisor. *See* (Exhibit A). Accordingly, because he is the subject of a final order of removal, Petitioner is ineligible to earn and apply ETCs under the FSA. *Perlaza v. Warden*, No. 1:24-cv-00693-JLT-EPG-HC, 2024 WL 4931176, at *3 (E.D. Cal. Dec. 2, 2024) (citing cases), *F&R adopted*, 2025 WL 217979 (Jan.

16, 2025). Accord, *Onebunne v. Warden*, No. 2025 WL 2483346, at *1 (E.D. Cal. Aug. 28, 2025) ("The First Step Act expressly disallows inmates subject to a final order of removal from receiving earned time credits to reduce the length of their incarceration.") (citing 18 U.S.C. § 3632(d)(4)(E)(i)).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 22) is GRANTED;

2. Petitioner's petition for writ of habeas corpus is DISMISSED; and

3. The Clerk of the Court is DIRECTED to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **February 9, 2026**                  _____

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

ERIC GRANT
United States Attorney
HEIKO P.COPPOLA
Assistant United States
Attorney 501 I Street, Suite
10-100 Sacramento, CA 95814
Telephone:  (916) 554-2700


Attorneys for Respondent


IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| VICTOR MOLINERO PUENTE, | CASE NO.  1:23-CV-00083-CDB |
| Petitioner, | EXHIBIT TO ECF 30 (PETITIONER'S REDACTED NOTICE AND ORDER OF EXPEDITED REMOVAL |
| v. | |
| WARDEN, | |
| Respondent. | |

EXHIBIT

1

U.S. Department of Homeland Security

# Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY Event No:LRS1311000175

File No: A089 714 123

Date: November 13, 2012

In the Matter of: VICTOR MANUEL MOLINERO-PUENTE

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1.   You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; To wit: you were apprehended within 100 air miles of the international boundary of the United States of America and Mexico within 14 days of having illegally entered the U.S. by crossing the Rio Grande River in the Southern District of Texas. You illegally entered with the intent to reside and seek employment in the United States. You were not inspected or admitted by an Immigration Officer at a port of entry designated by the Attorney General.

LUIS RIVERA

U S BORDER PATROL AGENT
Name and title of immigration officer (Print)

_____ ion officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

LUIS RIVERA

U S BORDER PATROL AGENT
Name and title of immigration officer (Print)



migration officer

MIGUEL VALENCIA

ACTING FIELD OPERATIONS SUPERVISOR
Name and title of supervisor (Print)

isor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served ███ this notice upon the above-named person on ___11·13·12___
(Date)

_____
Signature of immigration officer

Form I-860 (Rev. 08/01/07)